IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND J. BLY

    Plaintiff

CIVIL ACTION NO. JFM-17-2777

JUDGE WILLIAM V. TUCKER, Howard
  County MD Circuit Court Judge,

    Defendant

\*\*\*\*\*\*

## MEMORANDUM

Plaintiff Raymond J. Bly, a Maryland resident, filed a self-represented complaint seeking unspecified money damages and injunctive relief against Howard County, Maryland Circuit Court Judge William V. Tucker.[1] Bly invokes the civil rights statute and alleges that Judge Tucker has interfered with decisions concerning appointment of guardianship for his now-deceased wife[2] and control over joint family finances.[3] ECF 1. He states that his wife died on July 3, 2017, but information and assets frozen during the guardianship remain unavailable to him as personal representative of her estate, including health records, money, and the deed to their house. ECF 1 at pp. 2-4.

---

[1] Diversity jurisdiction does not exist.

[2] *See In the Matter of Tieng Doan Bly,* guardianship proceedings, Case No. 13-C-15104672, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? Bly's request for power of attorney to manage his wife's affairs, filed on August 17, 2015, was denied by Judge Tucker, who then appointed Barrett R. King, Esq. as Mrs. Bly's guardian.

[3] Bly also states that he was wrongfully convicted of a felony. ECF 1 at pp. 1, 3. This court takes judicial notice that Bly was convicted by the Circuit Court for Howard County, Maryland on May 1, 1988, for child abuse and related charges. The case is not available on Maryland's electronic docket, but is referenced in a memorandum and order issued by this Court denying federal habeas corpus relief. *See Bly v. The Attorney General for the State of Maryland,* Civil Action No. S-00-283 (D. Md.). To the extent that Bly seeks to overturn his conviction based on newly discovered evidence (ECF 1 at p. 4), he may request permission from the United States Circuit Court for the Fourth Circuit to file a successive habeas corpus action here. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial,* 115 F.3d 1192, 1197-98 (4th Cir. 1997).

Bly filed his complaint under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as Bly's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations...It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Even affording Bly's claims the most liberal construction, the complaint fails to state a claim upon which relief may be granted. Absent diversity of citizenship, the probate of wills and administration of estates of decedents are subjects of state, not national, jurisdiction. *See Foster v. Carlin,* 200 F.2d 943, 947 (4th Cir. 1952). Further, Bly's previous attempts to litigate the question of guardianship in this court have been rejected for lack of subject matter jurisdiction. *See Bly v. Tucker,* Civil Action No. GLR-15-2564 (D. Md.), dismissed on September 28, 2015, after consolidation with *Bly v. Tucker,* GLR-15-2565 (D. Md.); *Bly, et al. v. Clerk of Howard County Circuit Court,* Civil Action No. GLR-15-2974 (D. Md.), dismissed October 2, 2015.

Framing his latest action as a civil rights action does not change the fact that this court has limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc., v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, (1936)). This court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction is shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Bly cannot meet this requirement.

Even had the jurisdictional requirement been met, Bly would not be entitled to relief under the facts set forth in his complaint. This court does not act as an appellate court to review state questions of guardianship or probate. To the extent Bly asks this court to compel certain actions by the state and/or its agents, his action is akin to a petition for a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, a federal district court has no mandamus jurisdiction over state and county employees, and cannot compel the State of Maryland or one of its judges to dismiss guardianship proceedings or intervene in probate matters. *See generally, Gurley v.*

*Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). In any event, review of Mrs. Bly's guardianship proceedings in *In the Matter of Tieng Doan Bly,* Case No. 13-C-15104672 (How. Co. Cir. Ct.), confirms that absent objection, Mrs. Bly's guardianship will be terminated and the remaining property of the guardianship estate will be transferred to the personal representative of the open probation action in the Howard County Orphans Court on or before September 22, 2017. Entry 57.

Accordingly, the complaint is dismissed and injunctive relief denied. A separate order follows.

9/25/17
Date

J. Frederick Motz
United States District Judge