IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND J. BLY

    Plaintiff

CIVIL ACTION NO. JFM-17-2777

JUDGE WILLIAM V. TUCKER, Howard
County MD Circuit Court Judge,

    Defendant

\*\*\*\*\*\*

## MEMORANDUM

Pending before the Court is Plaintiff's motion for reconsideration (ECF No. 5). The Court has considered this motion. The motion is without merit and will be denied.

As the Fourth Circuit has pointed out, "The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). The Fourth Circuit has iterated the standard for consideration of a Rule 59(e) motion to alter or amend a judgment:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier

proceeding." In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Filed within twenty-four days of dismissal, Bly's motion is considered under Rule 59(e).

Bly has failed to satisfy the standard for granting a Rule 59(e) motion. As previously articulated in the Court's September 25, 2017 dismissal Memorandum, the Complaint fails to state a claim upon which relief may be granted based on a lack of subject matter jurisdiction. Nothing in his Rule 59(e) motion provides reason to conclude the Court erred in its judgment, and he provides nothing to show either an intervening change in controlling law or newly discovered evidence. Accordingly, Bly's motion is DENIED.

DATED this 23 day of October, 2017.

BY THE COURT:

James K. Bredar
Chief Judge